(74 App. Div. 383.)

## SCHWARZER v. KARSCH BREWING CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. SALES—SELLER AND PURCHASER—EXISTENCE OF RELATION.
    A brewing company, having contracted with a saloon keeper to furnish certain fixtures and merchandise for use in the latter's saloon, entered into a contract in its own name with a third party to furnish the same; the saloon keeper not being a party in any way to the latter contract. Held, that the relation between the saloon keeper and the brewing company, created by the contract, was in effect that of vendor and vendee.

2. SAME—RESCISSION BY PURCHASER—RIGHT TO RESCIND.
    The failure of the saloon keeper to carry out her contract with the brewing company could not affect the latter's liability to the third party for the price which it had agreed to pay the third party for the goods.

3. SAME—DAMAGES.
    The brewing company was entitled to recover from the saloon keeper, as damages for the latter's default, the contract price for all of the goods; and the fact that a part of the goods had a market value, and could be sold on the market to third persons, was immaterial.

Appeal from special term, New York county.

Suit by Rudolph H. Schwarzer as administrator of Joseph H. Waas, deceased, against Elizabeth C. Waas and the Karsch Brewing Company to set aside a surrender of a lease held by the deceased, and to obtain the cancellation of a new lease executed by the lessor to Mrs.

Waas. From a judgment for plaintiff granting insufficient relief, and from an order overruling exceptions to a referee's report and confirming the same, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Gratz Nathan, for appellant.

John O'Connell, for respondent.

HATCH, J. It is. disclosed by the record that Joseph H. Waas was during his lifetime the owner of a certain leasehold estate of premises No. 140 Amsterdam avenue, in the borough of Manhattan, in the city of New York, and that he conducted the business of a saloon upon said premises, his lessor being Mary J. Burchell. Waas having died, his widow, Elizabeth C. Waas, the defendant in this action, procured herself to be appointed administratrix, and continued to conduct and carry on the business in her own name, and thereafter procured the lease to her husband to be canceled by the lessor, and another lease of the premises executed to herself. She refused to recognize the rights of creditors in the estate of her husband, and appropriated the property and business to herself. After the execution of the lease to her, she entered into a contract with the defendant brewing company to procure certain merchandise and fixtures for use in the saloon, and as security for the payment of the same assigned her leasehold estate in the premises. The defendant brewing company thereupon entered into a contract with the Brunswick-Balke-Collender Company to furnish the fixtures, at specified prices which it had agreed upon, to Mrs. Waas. After making this contract, the last-named company entered upon the performance of the same by providing certain of the fixtures which it had in stock, and manufacturing others which were required to be specially manufactured for the saloon, and eventually it entirely fulfilled the contract, and notified the defendant brewing company of its ability and willingness to deliver the same. After the contract had been made by the defendant Waas with the brewing company, and by the brewing company with the Brunswick-Balke-Collender Company, and after the assignment of the lease as security for compliance with the contract with the brewing company, the plaintiff, upon application to the surrogate, procured the removal of the defendant Waas as administratrix, and his appointment as administrator de bonis non. Thereupon the plaintiff brought this action for the purpose of setting aside the surrender of the lease held by the deceased, and of the lease given by the lessor, Burchell, to the defendant Waas. In such action the brewing company was made defendant; the claim of the plaintiff therein being that the surrender of the lease and the taking of a new one by the defendant Waas, and her appropriation of the property of the deceased, was in fraud of the rights of creditors, and was therefore void. A trial of this action resulted in an interlocutory judgment declaring that the surrender of the lease was fraudulent, and was therefore inoperative against creditors and other persons interested in the estate, and the same was reinstated in respect to such rights, and the lease to the defendant Waas was adjudged to be held and taken in trust for the estate of the deceased, and the defendant Waas was re-

quired to deliver to the plaintiff full possession of the demised premises within five days after the service upon her of a copy of the judgment. The court adjudged as to the defendant brewing company that it was entitled to a lien upon the lease made to the defendant Waas for such damages, if any, as were sustained by said company for the failure of the defendant Waas to accept, receive, and pay for the fixtures for the saloon upon the premises, under the contract which it had made with the Brunswick-Balke-Collender Company, but that it was entitled to no other lien. It was further adjudged that a reference be ordered to ascertain and report the damages, if any, sustained by the defendant brewing company by reason of the failure to fulfill such contract. Pursuant to the provisions of this judgment, a reference was ordered and a hearing had, and thereafter the referee made his report, finding that the contract price of the fixtures, etc., which the brewing company agreed to furnish, was the sum of $1,564, but that there should be deducted from such sum two items amounting to $716, leaving a balance due of $848, which he reported as the sum which the brewing company was entitled to have and receive. Upon motion, the report of the referee was confirmed, and final judgment was ordered, in favor of the brewing company, adjudging that it held a lien for such sum, which adjudged and decreed that the same be foreclosed by a sale of the leasehold premises. From such judgment, this appeal is taken.

There was no appeal taken from the interlocutory judgment. That seems to have been acquiesced in by all of the parties. There is, therefore, nothing before us upon which we are authorized to review the correctness of that determination. The only question involved upon this appeal relates to the rule of damage adopted by the referee and the sufficiency of the proof in support of the sum found to be due. It must be regarded as settled by the interlocutory judgment that the brewing company is entitled to have and receive an award of such damages as it has sustained. By the agreement between it and the defendant Waas, for all practical purposes, it occupied the position of a vendor of the property which it contracted to furnish. The defendant Waas was not a party to the contract which was made by the brewing company with the Brunswick-Balke-Collender Company. The latter's contract was a sale of the goods agreed to be furnished to the brewing company, and Mrs. Waas was not known in that transaction. The relation, therefore, which existed between the brewing company and Mrs. Waas was that of vendor and vendee.

The Brunswick-Balke-Collender Company had the right to stand upon its contract, and insist upon the fulfillment thereof by the brewing company. Under such circumstances it could retain the property agreed to be furnished, and sue the brewing company for the purchase price. Dustan v. McAndrew, 44 N. Y. 72; Hayden v. Demets, 53 N. Y. 426; Quick v. Wheeler, 78 N. Y. 300. The brewing company could not prevent the Brunswick company from performing its contract, and recovering the purchase price of the articles, whether the brewing company gave notice that they would not fulfill the terms of their contract or not. The contract, being valid and en-

forceable, was bound to be performed by the brewing company, or to pay such damage as could be legally enforced by reason of a breach. It was, therefore, powerless to prevent completion of the contract by the Brunswick company. The latter completed its contract and tendered performance. The brewing company became entitled to enforce, against the estate upon which it had a lien by virtue of the interlocutory judgment, such liability for damage as it was under to the Brunswick company.

Such were the rights of the parties. The referee, however, held and determined that, as to all of the property which was to be furnished by the Brunswick company which it was not required to specially manufacture for the saloon, there could be no recovery, for the reason that as to it there was a market value for the same; that it could be sold in the market, and therefore the brewing company as to it sustained no damage. It is evident, however, that under the rule of damage held by the authorities cited the brewing company could recover the contract price of these articles as well as of the others, as recovery would be enforced against it. It was entitled to be saved harmless. There is no appeal, however, by the brewing company, and the plaintiff may not be heard to complain of a rule more favorable to him than the brewing company might have insisted upon. So far as the specially manufactured articles are concerned, the theory of the referee was that they had no market value, and consequently could not be sold, and thus the brewing company was relieved from liability. Under the rule of damage announced, the brewing company had the right to insist that these articles be taken and paid for at the contract price, without regard to whether they possessed a marketable value or not. The plaintiff is entitled to this property, and it may make such use of it by sale or otherwise as is warranted by law in the administration of the trust. In this respect he steps into the shoes of the brewing company, and simply relieves the latter. The brewing company was authorized to insist that this should be done by virtue of the authority contained in the interlocutory judgment. In this view of the case it is entirely immaterial whether a marketable value for this property was established or not. There are no other questions which require consideration.

It follows that the judgment and order should be affirmed, with costs. All concur.